# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **B.A.**

**No. 15-0700** (Harrison County 14-JA-80-3 & 14-JA-81-3)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father H.H., by counsel Rocco E. Mazzei, appeals the Circuit Court of Harrison County's June 18, 2015, order terminating his parental rights to B.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Julie N. Garvin, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court violated his due process rights; erred in denying his motion to dismiss; and that the evidence at adjudication was insufficient.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the DHHR filed an abuse and neglect petition that alleged physical abuse by the child's mother, C.A., and step-father, A.H. According to the petition, the child had multiple injuries, including burns on his feet; bruising on his back, buttocks, and legs; and a lump on his head. The initial petition also named petitioner as B.A.'s biological father, but otherwise made no allegations against him. In November of 2014, the DHHR filed an amended petition and alleged that petitioner failed to protect the child from abuse by virtue of his incarceration. On December 3, 2014, petitioner filed a motion to dismiss the petition and argued that he committed no acts of abuse or neglect against the child.

---

[1]The abuse and neglect proceedings below concerned an additional child that is not petitioner's biological child. On appeal, petitioner raises no assignments of error regarding this child. As such, this memorandum decision concerns only the termination of petitioner's parental rights to B.A.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

Later that month, the circuit court held an adjudicatory hearing, during which petitioner testified that he spent a total of approximately twelve hours visiting with four-year-old B.A. in the child's lifetime. Petitioner addressed his multiple incarcerations during the child's life, indicating that he was incarcerated shortly before B.A.'s birth after he pled guilty to third-degree sexual assault of a fourteen-year-old victim. After his release in March of 2012, petitioner was reincarcerated in June of 2013 for possessing pornography, having contact with females under the age of eighteen, and engaging in a sexual relationship with a woman who had children under the age of eighteen without notifying his probation officer. The circuit court further denied petitioner's motion to dismiss. Following this hearing, the DHHR filed a second amended petition on December 22, 2014, and alleged that petitioner abandoned the child.

The circuit court held another adjudicatory hearing in January of 2015, during which it adjudicated petitioner as having abandoned the child. In April of 2015, the circuit court held a dispositional hearing and ultimately terminated petitioner's parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

To begin, the Court finds no violation of petitioner's due process rights below.[3] Petitioner's argument on this issue is premised upon the fact that neither the initial petition nor the first amended petition included allegations of abandonment by petitioner, yet evidence regarding abandonment was introduced at the first adjudicatory hearing in December of 2014. According to petitioner, allowing this evidence to be admitted violated his due process rights, his right to notice of the allegations against him, and the applicable rules and statutes governing

---

[3]In his brief on appeal, petitioner alleges four separate assignments of error concerning alleged due process violations. Because the arguments for these assignments of error are substantially similar, the Court will address them together.

abuse and neglect proceedings. However, petitioner's argument on this issue is an inaccurate representation of the applicable rules and statutes governing abuse and neglect petitions and adjudicatory hearings, and, more importantly, completely ignores the plain language of Rule 19 of the Rules of Procedure for Child Abuse and Neglect Proceedings, which allows for amendment of petitions following the adjudicatory hearing.

In support of his argument, petitioner cites to West Virginia Code §§ 49-6-1 and 49-6-2(c), the former of which governs the specific facts to be included in abuse and neglect petitions and the latter of which governs the DHHR's burden of proof at adjudication, as well as Rules 18 and 19 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, which govern a petition's contents and amendments to petitions, respectively. Simply put, petitioner's interpretation of these statutes and rules as barring the introduction of evidence that supports conditions of abuse or neglect beyond those alleged in the petition is inaccurate. In fact, Rule 19(b) specifically contemplates such a scenario and states that "[i]f new allegations arise after the final adjudicatory hearing, the allegations should be included in an amended petition . . . and the final adjudicatory hearing shall be re-opened for the purpose of hearing evidence on the new allegations in the amended petition."

In the case below, the circuit court heard evidence on the first amended petition that alleged petitioner's failure to protect the child. When the evidence indicated that petitioner likely abandoned that child, the circuit court correctly allowed the DHHR to amend the petition a second time to include allegations of petitioner's abandonment. The circuit court also appropriately reopened the adjudicatory hearing in January of 2015 to allow the DHHR to prove the allegations and afford petitioner an opportunity to defend against the same. According to West Virginia Code § 49-6-2(c), a parent "shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." The record is clear that petitioner was afforded these rights at every stage in the proceeding and specifically at both the adjudicatory hearings. As such, it is clear that petitioner's due process rights were not violated below, as he had notice of the allegations against him and an opportunity to defend himself against them.

Next, the Court finds no error in the circuit court denying petitioner's motion to dismiss the first amended petition.[4] In support of this assignment of error, petitioner argues that the circuit court erroneously ruled that Rule 17 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings required petitioner to obtain leave to file his motion to dismiss. Upon our review, however, the Court declines to address the appropriateness of the circuit

---

[4]There is some confusion among the parties as to which petition petitioner sought to dismiss below. The DHHR erroneously alleges that the circuit court did not err in denying petitioner's motion to dismiss the second amended petition, while petitioner erroneously states that his motion to dismiss was filed on January 7, 2015. The record, however, shows that petitioner's initial motion to dismiss was filed on December 3, 2015, well before the DHHR filed its second amended petition. Further, the motion to dismiss addressed only the alleged deficiencies of the initial and first amended petitions. However, upon the DHHR's amendment of the initial petition, dismissal of the initial petition was moot. As such, it is clear petitioner moved only to dismiss the first amended petition and not the second amended petition.

3

court's ruling in this regard because the record is clear that petitioner was not entitled to a motion to dismiss the first amended petition. In support of his motion below, petitioner alleged that the first amended petition did not set forth facts sufficient to establish that he abused or neglected the child. The Court does not agree. Pursuant to Rule 18 of the Rules of Procedure for Child Abuse and Neglect Proceedings, an abuse and neglect petition must allege "[t]he specific misconduct, including time and place, if known, or incapacity of the parent(s) and other person(s) responsible for the child's care . . . ." In the instant matter, petitioner's specific incapacity was his inability to protect the child due to his incarceration.

> Pursuant to West Virginia Code §§ 49-1-3(11)(A)(i) and (ii), a neglected child is one
>
> [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary . . . supervision, . . . when such refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian[,]

or one "[w]ho is presently without necessary . . . supervision because of the disappearance or absence of the child's parent or custodian[.]" Simply put, the record shows that the DHHR's first amended petition was sufficient to meet the requirements for abuse and neglect petitions under Rule 18 because it alleged facts regarding petitioner's neglect of the child.

Specifically, the first amended petition alleged that petitioner failed to protect the child from the serious physical abuse inflicted upon him. More importantly, because petitioner moved to dismiss the petition prior to the circuit court issuing an adjudicatory order, the ultimate determination of whether petitioner abused or neglected the child, either through a failure to protect or abandonment, is irrelevant. At the time petitioner moved for dismissal, he could only be entitled to the same if the petition itself was deficient. While petitioner argues that his incarceration cannot be considered a contributing factor to this abuse and, thus, rendered the first amended petition deficient, the Court does not agree. As noted above, the DHHR alleged facts sufficient to satisfy the requirements of Rule 18. As such, it is clear petitioner was not entitled to dismissal below, and this is especially true in light of the circuit court's eventual adjudication of petitioner as having abandoned the child.

Petitioner next alleges that the evidence adduced at the adjudicatory hearing failed to establish either failure to protect or failure to provide medical care and, as such, was insufficient to support his adjudication. The Court, however, notes that petitioner was never adjudicated upon either of these allegations but, instead, upon his abandonment of the child following the second amended petition. As such, it is clear petitioner is entitled to no relief in this regard.

Finally, petitioner argues that the evidence of abandonment below was insufficient to support his adjudication.[5] The Court, however, does not agree. We have previously held that

---

[5]Petitioner actually asserts in his assignment of error that the evidence of abandonment was insufficient to support termination of his parental rights. However, petitioner provides no argument in support of the allegation that termination was improper and, instead (continued . . . )

4

"W.Va.Code, 49-6-2(c) [1980], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted). Upon our review, it is clear that the circuit court was presented with sufficient evidence to adjudicate petitioner of abandonment under a clear and convincing standard. With regard to abandonment, we have held that

"[f]or a natural parent to avoid the presumption that he or she has abandoned a child who is over the age of 6 months, W.Va.Code § 48-4-3c(a)(1) [1997] requires the parent to financially support the child, within the means of the parent. Furthermore, W.Va.Code § 48-4-3c(a)(2) [1997] requires the parent to visit or otherwise communicate with the child when the parent: (1) knows where the child resides; (2) is physically and financially able to do so; and (3) is not prevented by the person or authorized agency having the care or custody of the child. If there is evidence . . . that the natural parent has both failed to financially support the child and failed to visit or otherwise communicate with the child in the [preceding] 6 months . . . , a circuit court shall presume the child has been abandoned."

Syl. Pt. 6, *Joshua D.R. v. David A.M.*, 231 W.Va. 545, 746 S.E.2d 536 (2013) (quoting Syl. Pt. 2, *In re Jeffries*, 204 W.Va. 360, 512 S.E.2d 873 (1998); Syl. Pt. 3, *In re Carey L.B.*, 227 W.Va. 267, 708 S.E.2d 461 (2009)).

At adjudication, the circuit court found as follows with regard to petitioner: (1) he failed to communicate with the child since at least March of 2013, despite knowing where the child

---

, argues only that the evidence was insufficient to support adjudication. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, a petitioner's brief

must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.

That Rule further provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." As such, the Court declines to address petitioner's assertion that the circuit court erred in terminating his parental rights.

resided and not being prevented from visiting or communicating with him; he "wholly failed" to provide the child with financial support, either "in the form of monetary payments or the provision of items necessary for the minor child's care;" and he "failed to participate in any major life decisions, whether medical, educational, or otherwise . . . ." Based on these findings and our prior holdings, it is clear that the evidence presented at adjudication was sufficient to support the circuit court's finding that petitioner abandoned the child. We find no error in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 18, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II